N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANTELLE ANN KOONCE and DEVON DONTRELL KOONCE, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. SA-24-CV-159-FB |
| JASON ALLEN WILLIAMS, RYDER TRANSPORTATION SOLUTIONS, LLC, and RYDER TRUCK RENTAL, INC., | § § § § | |
| Defendants. | § § | |

### ORDER CONCERNING PENDING MOTIONS, ORDER REQUIRING ADVISORY FROM PLAINTIFFS BY APRIL 1, 2024, AND ORDER OF ADMINISTRATIVE CLOSURE

Before the Court are: (1) Plaintiffs' Motion to Voluntarily Dismiss Case Without Prejudice or, in the Alternative, Unopposed Motion to Withdraw as Counsel for Plaintiffs and Stay Deadlines (docket #12); (2) Defendants' Response to Plaintiffs' Motion to Voluntarily Dismiss Case Without Prejudice or, in the alternative, Unopposed Motion to Withdraw as Counsel for Plaintiffs and Stay Deadlines (docket #13); (3) Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Voluntarily Dismiss Case Without Prejudice or, in the Alternative, Unopposed Motion to Withdraw as Counsel for Plaintiffs and Stay Deadlines (docket #14); (4) Defendants' Motion for Summary Judgment (docket #15); and (5) Plaintiffs' Motion to Extend Deadline to Respond to Defendants' Motion for Summary Judgment (docket #16).

Counsel for the Plaintiffs, Ryan Browne, Alex Ivanov, and Reyes Browne Law (hereinafter RBL), advise the Court that before this suit was filed, Plaintiffs were in possession of a police report concerning the motor vehicle collision at issue herein, which placed the sole contributing factor (failure to drive in single lane) on Defendants (the driver of Defendants' vehicle). However, on May

10, 2024, Defendants provided Initial Disclosures under Federal Rule 26(a) which contained materials including dashcam footage of the collision. This footage has caused an irreconcilable conflict to develop between Plaintiffs and RBL which requires the immediate withdrawal by RBL as counsel for the Plaintiffs. Specifically, RBL asserts that they are unable continue to represent both Plaintiffs and their interests and claims in this case adequately due to the irreconcilable conflict. Accordingly, they can no longer proceed as counsel for either Plaintiff. RBL advises further that Plaintiff Shantelle Ann Koonce has been informed of the conflict and has verbally consented to RBL's withdrawal as counsel in this case, and she has been advised to seek new counsel. Despite RBL's efforts to contact Plaintiff Devon Dontrell Koonce, they have not been able to reach him to discuss the irreconcilable conflict, RBL's need to withdraw as counsel, and his need to retain new counsel. Because of the scheduling order deadlines entered in this case, RBL asks the Court to allow Plaintiffs, in the interest of fairness and justice including that the applicable statute of limitations does not appear to expire until October 2025, to voluntarily dismiss this suit without prejudice to the refiling of same. The dismissal would allow Plaintiffs to seek and retain new counsel and pursue any such further actions as may be appropriate. Alternatively, RBL asks, in the interest of justice and fairness to grant their withdrawal as counsel for Plaintiffs and stay deadlines in this case for a period of time to allow Plaintiffs to retain new counsel and become familiar with this case and strategize accordingly. New counsel would then be able to represent one or more Plaintiff(s) as appropriate. RBL advises that counsel for the Defendants does not oppose RBL's withdrawal as counsel and stay of case deadlines until after Plaintiffs can obtain new counsel, but does oppose a voluntary dismissal of the case.

In Response, Defendants state they are opposed to the voluntary dismissal because they have "exerted significant time and effort in this case in anticipation of upcoming deadlines per the Scheduling Order."  <u>Response</u>, docket #13 at page 2.  Defendants note that at the time of RBL's motion, the case has been on file for more than six months, and Plaintiffs have been served with discovery.  Defendants advise that if this Court grants the voluntary dismissal motion and Plaintiffs refile their case against them, they will ask the Court to order Plaintiffs to pay all or part of the previous costs in this case and stay all proceedings until those costs are paid.  Defendants advise they are not opposed to RBL's withdrawal and the stay of the deadlines in this case, but ask that the deadlines only be stayed for sixty days.

In Reply, RBL explains that despite the assertion by Defendants that this case has been on file for over six months and that significant time and effort has already been spent in anticipation of Scheduling Order deadlines, the case at the time of the filing of the motion has only been on file for five months; it was removed to this Court four months ago; the initial disclosures which revealed the irreconcilable conflict occurred just over one month ago; and only limited written discovery has occurred.  As the foregoing reflects, it was just weeks after receipt of the dashcam footage that the motion to dismiss was filed which is exactly the type of circumstance and situation where voluntary dismissal without prejudice is appropriate and warranted.  RBL reasserts its request to allow the voluntary dismissal of this suit without prejudice to the refiling of same in the interest of fairness and justice, or in the alternative, grant RBL's request to withdraw as counsel for the Plaintiffs and stay the Scheduling Order deadlines to allow time for Plaintiffs to retain new counsel.

The Court has carefully considered the motion, response, and reply and finds that the motion shall be granted in part to allow the withdrawal of counsel and stay of all deadlines, and denied in part as to the request for voluntary dismissal without prejudice.

In accordance with Western District of Texas Local Rule AT-3, an attorney seeking to withdraw from a case must:

> file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

Here, RBL has specified the reasons for withdrawal and advised Plaintiff Shantelle Koonce that she may obtain new counsel or pursue this case *pro se*. RBL has also advised the Court of their inability to contact Plaintiff Devon Koonce. Therefore, because a successor attorney is not known, RBL shall provide to the Court Plaintiff Shantelle Koonce's address and telephone number and provide the last known address or contact information of Plaintiff Devon Koonce in accordance with Local Rule AT-3.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Voluntarily Dismiss Case Without Prejudice or, in the Alternative, Unopposed Motion to Withdraw as Counsel for Plaintiffs and Stay Deadlines (docket #12) is DENIED in part as to the Motion to Voluntarily Dismiss Case Without Prejudice, and GRANTED in part as to the Unopposed Motion to Withdraw as Counsel for Plaintiffs and Stay Deadlines such that Ryan Browne, Alex Ivanov, and Reyes Browne Law (RBL) are WITHDRAWN as counsel of record for Plaintiffs Shantelle Ann Koonce and Devon Dontrell Koonce under the terms and conditions set forth below.

1.   Withdrawal of counsel is conditioned upon counsel complying completely with the requirements of Local Rule AT-3 which includes providing the Court with Plaintiffs' last known mailing addresses and telephone numbers or other contact information.

2.   RBL's withdrawal shall not be complete until RBL provides each Plaintiff with a copy of this order and notifies the Court that a copy of this order has been provided

to each Plaintiff at the best contact available.  RBL shall file an advisory with the Court indicating completion of the notification and the date it was completed along with the Plaintiffs' mailing addresses and telephone numbers, if known.  Once the advisory is filed, IT IS FURTHER ORDERED that the Clerk remove RBL as counsel of record for the Plaintiffs and update the CM/ECF system to reflect this change.  At that time, all further communications regarding this case shall be sent directly to the Plaintiffs at the contact information provided by RBL in their Advisory until either or both of the Plaintiffs obtain counsel, if they choose to do so.

IT IS FURTHER ORDERED that Plaintiffs Shantelle Ann Koonce and Devon Dontrell Koonce **shall file** an advisory with the Court on or before **Tuesday, April 1, 2025,** indicating how each Plaintiff intends to proceed, or have his, her, or their new counsel file a notice of appearance on or before **Tuesday, April 1, 2025**.  If either or both Plaintiffs intend to proceed *pro se*, he, she or they shall keep the Court apprized of his, her or their current address.  If either or both Plaintiffs decide not to pursue their claims, they shall advise the Court of that intent as well.  Plaintiffs are hereby **ADVISED that the failure to comply with this order by the April 1, 2025, deadline could result in the DISMISSAL of the case** against the defendants for failure to comply with a Court order.

IT IS FURTHER ORDERED that all deadlines and this case are STAYED until **May 1, 2025**, and Plaintiffs' Motion to Extend Deadline to Respond to Defendants' Motion for Summary Judgment (docket #16) is GRANTED such that Plaintiffs' Response to Defendants' Motion for Summary Judgment shall be filed no later than **June 2, 2025**.

IT IS FURTHER ORDERED that because this case cannot move forward until Plaintiffs advise how they intend to proceed and the stay is lifted, the Court finds this case is appropriate for

administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . .").

Therefore, IT IS FINALLY ORDERED that the Clerk of Court ADMINISTRATIVELY CLOSE this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request or on the Court's own motion. Parties may continue to file motions and documents in the case.

It is so ORDERED.

SIGNED this 31st day of January, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE